**Jorge Luis Robles LOPEZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70592.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 22, 2004.

Michael S. Cabrera, Law Offices of Michael S. Cabrera, Huntington Park, CA, for Petitioner.

Victor Fernandez, Esq., Law Offices of Michael S. Cabrera, Huntington Park, CA, Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Ernesto H. Molina, Jr., U.S. Department of Justice, Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM **

Jorge Luis Robles Lopez, a native and citizen of Mexico, petitions for review of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the Board of Immigration Appeals' ("BIA's") summary affirmance of an Immigration Judge's order denying his request for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review constitutional claims de novo, *see Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir.2002), and we deny the petition.

Lopez contends that the Nicaraguan and Central American Relief Act of 1997 ("NACARA") violates the equal protection clause because it irrationally distinguishes between aliens from Mexico and other Central American countries. Lopez has not met this burden because a rational basis exists for distinguishing between groups of aliens from Mexico and those of other Central American countries based on conditions in their homelands. *See Jimenez–Angeles*, 291 F.3d at 597. Moreover, we have specifically held that NACARA section 203 does not violate equal protection. *See Ram v. INS*, 243 F.3d 510, 517 (9th Cir.2001) (Congress's decision to favor aliens from specific war-torn countries "stems from a rational diplomatic decision to encourage such aliens to remain in the United States.").

Lopez's contention that the BIA's streamlining decision violated his right to due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Lopez's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**